# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br> vs. <br> **CHRISTIAN LANCASTER,** <br> Defendant. | CASE NO. 16-cr-00313-YGR-1 <br><br> **ORDER GRANTING DEFENDANT'S REQUEST TO CONTINUE THE CURRENT TERMS AND CONDITIONS OF RELEASE PURSUANT TO 18 U.S.C. SECTIONS 3143, 3145(C)** <br><br> Re: Dkt. No. 40 |

On July 27, 2017, defendant Christian Lancaster entered an open plea to the charge of possession of child pornography, and the Court proceeded directly to sentencing. On July 19, 2017, defendant filed a motion, currently pending before the Court, asking the Court to continue the current terms and conditions of his release in the event that the Court did not grant his request for a time-served sentence. (Dkt. No. 40 at 1.) Specifically, defendant requests that the Court allow him to remain free on bond so that he may self-surrender to serve the sentence imposed on the date of its execution. (*Id.*)

Having carefully reviewed defendant's request, and as indicated orally on the record, the Court finds that defendant is not likely to flee or pose a danger and that exceptional circumstances exist here to justify his request. Thus, for the reasons set forth more fully below, the Court **GRANTS** defendant's request to remain free on bond until execution of his sentence.

## I. LEGAL FRAMEWORK

Pursuant to 18 U.S.C. section 1343, a person who has been found guilty of a crime of violence, including a child pornography possession offense, *see* 18 U.S.C. section 3156(a)(4)(C), must be detained pending the execution of their sentence. Section 1343 provides specific grounds upon which a court may release a person from detention pending their sentence or their appeal. Because defendant here is not seeking an appeal, the applicable exception falls under Section 1343(a)(2), which allows release from detention under the following conditions:

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Relevant to the instant action, 18 U.S.C. section 3145(c) creates a further exception to the mandatory detention provisions of Section 3143. Section 3145(c) provides thus: "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Garcia*, 340 F.3d 1013, 1015 n.2 (9th Cir. 2013). Subsections (a)(1) and (b)(1)(A), in turn, both require that the Court find by "clear and convincing evidence" that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. 3143(a)(1), (b)(1)(A).

## II. DISCUSSION

The crime for which defendant has been convicted places him within the scope of mandatory detention as defined in 18 U.S.C. section 1343. In light of that, the Court's inquiry is thus: whether (i) clear and convincing evidence exists demonstrating that defendant is not likely to flee or pose a danger to the safety of any other person or the community if released and (ii) exceptional circumstances exist to justify his continued release pending the execution of his sentence.

First, the record demonstrates that defendant is not likely to flee or pose a danger to any person or the community. Defendant has been under federal pretrial supervision for one year, and was on pretrial release in state court for seven months prior. In sum, defendant has been under pretrial supervision for nineteen months and has complied with all of the conditions of his release. Pretrial services reported that "Mr. Lancaster is doing very well on supervision, commutes a long way each week to attend counseling, and spends a lot of time caring for his young son." (Pretrial Sentencing Report ¶ 3 (further noting that "of all the child pornography defendants [his

2

supervising officer] monitors, the defendant is the supervisee who stands out as performing very well on pretrial release").) In addition to the counseling required of him, defendant has sought additional support to address the unresolved abuse he experienced as a child. Defendant's entire file in this matter establishes by clear and convincing evidence that defendant poses no flight risk or a danger to society, and no compelling evidence exists to the contrary.

Second, the Court also finds that exceptional reasons exist here to grant defendant's request. "By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.'" *Garcia*, 340 F.3d at 1018 (quoting *Mozes v. Mozes*, 239 F.3d 1067, 1073 (9th Cir. 2001)). The Ninth Circuit has recognized several non-exhaustive factors a district court may consider, including its assessment of the defendant as a violent person, the nature of the crime itself, hardships the defendant may suffer, and the defendant's degree of cooperation with the government. *Id.* at 1018–22 (further explaining that these factors "alone or in combination with others may qualify under the statute").

Here, myriad reasons sufficiently demonstrate for the Court that exceptional reasons exist to allow defendant to remain free on bond pending the execution of his appeal. For one, despite his conviction for possession of child pornography, defendant has never committed an actual physical act of violence on any person, nor has he had, or attempted, sexual contact with a child. *See, e.g.*, *United States v. Reboux*, No. 06-CR-451-FJS, 2007 WL 4409801, at \* (N.D.N.Y. Dec. 14, 2007) (allowing defendant convicted of child pornography offense to be released pending sentencing noting that while offense is labeled as a 'crime of violence' for sentencing purposes, defendant's "conduct was not violent"). As noted, defendant is currently receiving ongoing medical and psychological treatment for the own abuse he suffered as a child, and compelling reasons exists to allow defendant to continue these treatments rather than placing an abrupt and immediate end to the same. Finally, defendant's family circumstances warrant his release pending the execution of his sentence. Defendant has a young son, for whom he provides care, and he assists his wife with childcare and household chores. A brief reprieve will allow defendant the necessary transitional period to arrange for alterative care for his family. *See, e.g.*, *United States v.*

3

*Kaquatosh*, 252 F. Supp. 2d 775, 778 (E.D. Wisc. Mar. 14, 2003) ("There is no reason why family circumstances cannot provide a factual basis for release pending sentencing.").

Thus, the Court finds that defendant satisfies the statutory requirements for releasing him on bond pending execution of his sentence. Accordingly, the Court **GRANTS** defendant's request, as set forth herein.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's request to continue the current terms of his conditions of release as set forth in the order issued on his sentencing date.

This Order terminates Docket Number 40.

**IT IS SO ORDERED.**

Dated: August 1, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**